IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BREAKING GLASS PICTURES, LLC,

                    Plaintiff,                    OPINION AND ORDER

    v.

                                                 13-cv-275-wmc

DOES 1 - 15,

                    Defendants.

---

      The court is in receipt of an "Objection to Subpoena" (dkt. #11) submitted anonymously by one of the Doe defendants in this case.  Construing this document as a motion to quash a third-party subpoena, the court will deny the motion for the reasons set forth below.  However, the court will issue a protective order requiring that defendant's identity be disclosed on a confidential basis to plaintiff's counsel and, if placed into the public record, done so under seal.

OPINION

      Seeking to identify the owners of various IP addresses alleged to be participants in a "BitTorrent protocol" copyright violation, plaintiff has obtained permission from this court to serve third party subpoenas on the internet service provider (ISP) associated with the targeted IP addresses.  Once served with a subpoena, an ISP must disclose the names of its customers unless there are good grounds to quash the subpoena.  In what appears to be an increasingly common practice, the ISP in this case has not moved to quash the subpoena, but instead has invited its affected customers to file "objections" in this court.

These "objections" are apparently intended to be motions to quash under Federal Rule of Civil Procedure 45(c)(3) or, in the alternative, for some sort of protective order under Federal Rule of Civil Procedure 26(c).

A party may move to quash a subpoena on several grounds, *see* Rule 45(c)(3), but defendant has not identified a good reason to do so here.  The most likely candidate is Rule 45(c)(3)(A)(iii), which requires a court to quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."  Fed. R. Civ. P. 45(c)(3)(A)(iii).  However, defendant's identity is not privileged or subject to any conceivable discovery exception.  Indeed, defendant's chief argument is that he or she isn't responsible for any illegal activity, but of course this is a matter that must be determined in the course of litigation, not in a motion to quash.

Defendant's objection could also be construed as a Rule 26(c) motion for protective order, which is available "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  At this stage, defendant's concerns about privacy are easily addressed by requiring any information produced in response to the subpoena by the ISP to be done on a confidential basis only to the parties and filed by the parties in this court under seal, assuming this becomes necessary.  Whether the information will ultimately remain confidential is a matter for another day.

ORDER

To the extent the Doe defendant's objection (dkt. #11) was intended to be a motion to quash, it is DENIED; to the extent it was intended to be a motion for protective order to maintain confidentiality of defendant's identity, it is GRANTED. Doe's Internet Service Provider should respond to this court's subpoena on a confidential basis to plaintiff's counsel and the individual identified customer only.   Plaintiff is further prohibited from disclosing this identifying information by amended pleading or other filing except under seal without obtaining in advance the express leave of this court.

Entered this 13th day of August, 2013.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge